The defendant gave notice, that he would move the Court of Appeals to reverse the decree, upon the fellow* ing ground:
First, — That the decree was contrary to law and evidence.
And should he not succeed in reversing the decree, he will move for a re-hearing upon the following ground i
That on the trial, the defendant had his books of account in court, ready to prove the amount which was due him by the intestate, George Ruff, at the time of executing the bill of sale for the personal property, and was prevented from doing so, by the judge stating it to be unnecessary.
S. Farrow, defendant’s solicitor.
The appeal was argued, and a majority of the judges, Gaillard, Desaussure and Janies, delivered the following judgment, in affirmance of the decree of the Circuit Court:
*366 There can be no doubt, as to the first deed, it is void. George Ruff intending to marry in the evening’, conveyed in the morning of the same day, for love and affection, his real estate to' his brother. I do not believe he was drunk when he executed this deed, but from many parts of the evidence it is clear there was an understanding between him and his brother, and that the deed was accompanied with a secret trust. A like trust appeal's also to have attended the bill of sale of the negroes.— George had married in a family disagreeable to his friends — was a very weak man — in the habit of intoxication — and easily imposed upon. The deeds were made with a view to his benefit, to secure the property to him. If he had had children, the defendant would probably have given up the property to them: he said that he’ would. George Puff at different times, and on his death bed, said, that he intended his brother should have his property, if he had made a will, it is probable he would have given it to him ; but he died intestate. His declarations on many occasions, and on his death beef, that he intended his brother should have his property, have been much relied on. This shews his affection for his brother, and it docs not appear that he was not deserving of it 5 but they cannot alter the nature of the original transaction respecting his property. If it were parted with, subject to a trust for George, his legal representatives are entitled to the benefit of it. I am therefore, for affirming the decree of the Circuit Court.
(Signed,)
Theodore Gaixuard, Jun.
I concur in the above opinion.
Henry "SY. Besaussure.
Upon a reconsideration of the above case, I conti-uue of the same opinion which 1 entertained upon the circuit. There are, indeed, several unpleasant facts stated in the decree, but they are neither of my procuring or invention. They were sworn to, positively, by three witnesses, and were denied by none in as positive and unequivocal a manner as they were stated. These facts are as stubborn as they must have been unpleasant *367 to the defendant. But I Iiave made no applications of them to bis character ; 1 have only deduced a legal conclusion from them, which I conceived it my duty to do: and in this point of view, I apprehend they ought not to be extenuated. As to the conveyance rtf the lands, aft seem to be agreed that it was obtained under circumstances which operate so strongly against it that it cannot stand. And as to the release, defendant’s counsel early saw that it could not be supported. There are circumstances ofthemselves, unconnected with the inadequacy of price, which cast a suspicion on the bill of sale of the negroes; but when they became connected with it, are in my mind imperious. Little stress was laid upon the testimony of the mother, because I thought it could not alter what was already fundamentally wrong. The case of wills cannot apply, seeing the declarations of George upon his death bed could not amount to a disposition. The evidence of Mr Mantz and Mr. Harrington, shews that a trust was originally intended, and as I have stated in' the decree, it is not satisfactorily accounted for, why the original intention'was changed. I was at first inclined to consider the whole transaction a secret trust, but all the circumstances of the case com, bined, convince me it was a secret trust combined with something more.,* for the moment defendant withheld the property from its true destination as a trust, there he, was guilty of a breach of it, and the-fraud commenced. However, as two of my brethren are inclined to consider the transaction throughout as a secret trust, In order to m»et the justice of the case so far as I am able, at present, I shall agree with them.
(Signed)
W. D. James.
The judges Thompson and "Waties, delivered the following opinion for reversing the decree of the Circuit Court:
In taking this case into consideration, we cannot view it in such high colours of fraud as contemplated in the decree of the Circuit Court. With regard to the <ked of conveyance for the land, we consider it to have *368 been predicated on a disposition in John H. Ruff, the dec fendant, to secure it from descending to the wife of; George Ruff, with an intention to reconvey to the issue of the said George, in the event of his having any. We therefore think that the transaction was combined with a secret trust, and the deed should be set aside. As to the bills of sale of the personal property, we view it as a ¿separate and distinct act, entered into with the double object of securing the property to the defendant, who from the uniform conduct, or rather declarations of Geo. Ruff}, was the peculiar object of his bounty, as well as to render a benevolent deed to the unfortunate brother, by securing to him a competency during life.
Creswell, Farrow and W. Crenshaw, for the ap« pellants.
Caldwell, Starke and A, Crenshaw for the re-> s^ondents,
In the whole of this transaction there appears to be nothing unfair. The bill of sale on the face of it, imports no' intrinsic evidence of fraud; and there is no ex-, trinsic evidence to justify the court in putting so harsh a construction on it. Indeed the testimony of Maj. Cannon and Mr. Coon, both respectable men, who subscribed ther instrument as witnesses, is conclusive as to its fairness.We also place very great reliance on the evidence of Mrs. Ruff, the mother. We cannot think so unfavorably of human nature, as to suppose that the mother would form a combination with a son possessing a vigorous mind, tó defraud one of weak intellectual faculties, of his whole estate: and it appears to the court that she advised George to enter into this contract. Upon the whole, we see nothing in this case which would justify the court in setting aside this contract: and we are of opinion that the decree should be reversed, so far as it relates to the bill of sale of the negroes.
W. THOMPSON,
Thos. Waxier